IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Case No. 3:17-cv-338-TBR

| | |
|---|---|
| BEATRICE M. MOORE<br>1903 Lynn Lea Rd<br>Louisville, Kentucky 40216 | PLAINTIFF |
| v. | |
| CAPITAL ONE BANK (USA), N.A.<br>1680 Capital One Drive<br>McLean, Virginia 22102 | DEFENDANTS |

    SERVE:    David Willey, Member, Board of Directors
                     1680 Capital One Drive
                     McLean, Virginia 22102
                     (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CSC-Lawyers Incorporating Service Co.
                     421 W. Main St.
                     Frankfort, KY 40601
                     (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Beatrice M. Moore, and for her Verified Complaint against the Defendants, Capital One Bank (USA), N.A. ("Capital One") and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false reporting of and Defendants' failure to investigate Plaintiff's disputes regarding a duplicated derogatory tradeline on Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Beatrice M. Moore, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1903 Lynn Lea Rd, Louisville, Kentucky 40216.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Capital One, is a national banking association doing business in the Commonwealth of Kentucky with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

5. Capital One is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In September 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered a tradelines furnished by Capital One and Portfolio Recovery Associates ("PRA") referring to an alleged past due credit account. The tradelines were duplicated as both tradelines showed identical alleged past due balances.

11. Immediately upon discovering the aforementioned tradelines, Plaintiff disputed the duplicated Capital One tradeline with Equifax.

12. Upon information and belief Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Capital One of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

13. In October 2016, Equifax and Capital One, despite Plaintiff's dispute of the aforementioned Capital One tradeline failed to investigate the accuracy of the Capital One tradeline. In addition, Equifax verified the accuracy of the PRA tradeline despite the fact that Plaintiff didn't dispute the PRA tradeline.

14. Equifax's and Capital One's failure to investigate Plaintiff's dispute and their failure to remove or amend the derogatory Capital One tradeline from Plaintiff's Equifax credit report has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's and Capital One's failure to properly investigate Plaintiff's

disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence – Capital One

15. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. Capital One's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due account were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, Capital One breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

17. Capital One's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

18. Capital One's failure to investigate Plaintiff's dispute and its false reporting to Equifax regarding the alleged past due account were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Equifax

19. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate Plaintiff's disputes and its consequent failure to delete or amend its reporting of the Capital One tradeline, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradeline, was negligent.

21. In failing to properly investigate Plaintiff's dispute of the reporting of the tradeline, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

22. Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradeline and its consequent failure to delete or amend its reporting of the subject tradeline has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23. Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of the Capital One tradeline and its consequent failure to delete or amend its reporting of the subject tradeline, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Capital One

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Capital One, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Equifax, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with Capital One. Capital One's statements were false and were made with conscious disregard for the rights of the Plaintiff.

26. Capital One's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Capital One account amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages

therefor.

### Defamation – Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Capital One and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account balance with Capital One. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

29. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged Capital One account balance amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Capital One

30. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due Capital One account is a violation of Capital One's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

32. Capital One's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Capital One is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

33. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 32 as if fully set forth herein.

34. Equifax's failure to properly investigate the Capital One tradeline and its consequent failure to delete or amend its reporting of the Capital One tradeline is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

35. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Capital One

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Capital One's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due Capital One account, despite Capital One's knowledge of the falsity of its reporting, is a willful violation of Capital One's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

39. Given Capital One's knowledge of the falsity of its reporting, Capital One's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Capital One is liable to Plaintiff for Plaintiff's actual damages, for statutory

damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

40. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. Equifax's failure to properly investigate the Capital One tradeline and its consequent failure to delete or amend its reporting of the Capital One tradeline is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

42. Equifax's failure to properly investigate the Capital One tradeline and its consequent failure to delete or amend its reporting of the Capital One tradeline within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

43. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Beatrice M. Moore, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Beatrice M. Moore, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Beatrice M. Moore*
Beatrice M. Moore

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Beatrice M. Moore this __1__ day of __June__, 2017.

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

Notary Public

Commission expires: March 28, 2018